## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRADFORD J. PARSONS, ET AL., | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06CV552  (JCH) |
| AT&T PENSION BENEFIT PLAN, ET AL., | : | |
| Defendants. | : | DECEMBER 22, 2006 |

### RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. Nos. 17 & 18]

The plaintiffs' claims before this court challenge the cash balance plan of the

AT&T Pension Benefit Plan ("AT&T Plan," formerly known as the "SBC Pension Benefit

Plan" prior to SBC's November 2005 acquisition of AT&T), and the cash balance or

pension equity formulas of three other plans: the Southern New England

Telecommunications Corporation Pension Plan ("SNET Plan"); the Ameritech

Management Pension Plan ("Ameritech Plan"); and the Pacific Telesis Group Cash

Balance Pension Plan for Salaried Employees ("PTG Plan"). These three plans merged

into the SBC Plan in 2000, 2004, and 1999, respectively, after SBC acquired SNET,

Ameritech, and PTG.  SBC merged with AT&T Corp. in 2005, with the surviving

corporation named AT&T and the SBC Plan renamed the AT&T Pension Benefit Plan.

The plaintiffs claim that these cash benefit formulas violate the age discrimination

provision under ERISA § 204(b)(1)(H).

The defendants have moved the court to dismiss this claim, essentially asking

the court to reconsider its previous decision in Richards v. FleetBoston Financial Corp.,

427 F. Supp. 2d 150 (D.Conn. 2006), which held that cash balance plans discriminate

1

on the basis of age.  At the time this court decided <u>Richards</u>, there were only a few other rulings on the issue.  As is evidenced by the parties' numerous Notices of Supplemental Authority, there have been many more decisions both within this Circuit and elsewhere.  Recently another district court in this circuit has ruled similarly to this court's decision in <u>Richards</u>.  <u>See</u> <u>In re Citigroup Pension Plan Erisa Litigation</u>, _ F. Supp. 2d _, 2006 WL 3613691 (S.D.N.Y., December 12, 2006).  On the other hand, the Seventh Circuit recently, in <u>Cooper v. IBM Personal Pension Plan</u>, 457 F.3d 636 (7th Cir. 2006), reversed the district court's decision, whose reading of the phrase "rate of benefit accrual" this court had concurred with in <u>Richards</u> to support its holding that the meaning of this phrase is clear from ERISA itself, <u>see</u> Ruling at 20.  In reversing, the Seventh Circuit held that "a phrase dealing with inputs was misunderstood to refer to outputs;" that is, the court found the phrase "benefit accrual" read "most naturally as a reference to what the employer puts in (either in absolute terms or as a rate of change), while the defined phrase 'accrued benefit' refers to outputs after compounding." <u>Cooper</u>, 457 F.3d at 639.

While recognizing that its decision is contrary to several other courts, including the Seventh Circuit, this court continues to adhere to its previous statutory interpretation of the terms Congress used in ERISA § 204(b)(1)(H).  In light of the great similarity that "rate of benefit accrual" bears to the statutorily defined term "accrued benefit," and the fact that ERISA requires accrued benefit to be measured as an annual benefit commencing at normal retirement age for defined benefit plans, but requires accrued benefit to be measured as the balance of an individual's account for defined contribution plans, in this court's opinion the term "rate of benefit accrual," as used in §

2

204(b)(1)(H)(i), refers to rate measured as a change in the annual benefit commencing at normal retirement age.  The statute is unambiguous in this respect, and the court need not inquire further into its meaning.

With regard to the statute of limitations issue raised by the defendants in their Motion to Dismiss, this is generally a special defense and has not yet been pled. However, the court finds that the question of which state statute of limitations is most analogous to the ERISA provision at issue is a pure legal issue that can be resolved at this time.  The defendants argue that, because the ERISA provision at issue does not provide for a specific limitations period, the most analogous state statute of limitations is 180 days, the statute of limitations under Connecticut law for age discrimination claims. Plaintiffs counter that the most analogous state statute of limitations is six years, the statute of limitations for breach of contract claims, because pension benefit claims are essentially contract claims.

The court disagrees with defendants that Sandberg v. KPMG Peat Marwick, LLP, 111 F.3d 331 (2d Cir. 1997), is the closest Second Circuit case.  In Sandberg, the court applied a two-year statute of limitations under § 120 of New York's Workers' Compensation Law to a claim under ERISA § 510.  The case involved a plaintiff who alleged that the defendant fired him to prevent him from becoming fully vested in the plan, and the court held that the causes of action under § 510 "prevent employers from punishing employees for exercising rights or benefitting from rights so favored by public policy as to be placed outside the range of considerations on which an employer may base its at-will employment decisions."  Id. at 335.

Contrary to Sandberg, which involved no claims related to specific benefits, this

case deals with determining specific benefits, and thus is about a contract.  Hence, the court finds that the most analogous state statute of limitations is six years, for breach of contract claims.  See Miles v. New York State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983); Campanella v. Mason Tenders' District Council Pension Plan, 299 F. Supp. 2d 274, 280 (S.D.N.Y. 2004).  Any arguments defendants have that any or all of plaintiffs' claims arose more than six years prior to filing this suit can be raised on summary judgment.

The parties also dispute when the statute of limitations begins to run in this case. The parties agree that the statute of limitations only begins to run "'when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries,'" Miles, 698 F.2d at 598, but the parties are in disagreement over whether the defendants' communications regarding the changes to cash balance plans did or did not "clearly repudiate" anything.  The court will not reach this argument until further discovery has been conducted, because factual issues appear determinative.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES the defendants' Motion to Dismiss [**Doc. Nos. 17 & 18**].

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 22nd day of December, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

4