UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRADFORD J. PARSONS, ET AL., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-552 (VLB) |
| AT&T PENSION BENEFIT PLAN, ET AL., | : | |
| Defendants. | : | March 27, 2008 |

## MEMORANDUM OF DECISION AND ORDER DENYING THE PLAINTIFFS' MOTION TO CERTIFY A CLASS AND CLASS COUNSEL  [Doc. #70]

The plaintiffs bring this case challenging the cash balance formulae of four pension benefit plans now merged into the defendants' plan as age discriminatory under ERISA § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).  There have been an ever increasing number of such cases in recent years, and the law in this field continues to evolve.

On December 22, 2006, Judge Janet C. Hall denied a motion to dismiss in this case, relying on her prior decision in Richards v. FleetBoston Financial Corp., 427 F. Supp. 2d 150 (D. Conn. 2006), finding that cash balance plans discriminate on the basis of age.  See Parsons v. AT&T Pension Ben. Plan, 2006 U.S. Dist. Lexis 93135 (D. Conn. Dec. 22, 2006); [Doc. #61].  The same day, Judge Hall denied the plaintiffs' first motion for class certification without prejudice to renew.  [Doc. #63]  The court's order explained that the Second Circuit's December 5, 2006, ruling in In re Initial Public Offering Securities Litigation (IPO), 471 F.3d 24 (2d Cir. 2006), clarified the district court's role in assessing motions

1

for class certification, and that the plaintiffs must offer additional evidence in support of a renewed motion for a class to be certified. The plaintiffs' filed the current motion for class certification on February 20, 2007, asserting that they had offered sufficient evidence to meet the IPO standard. [Doc. #70] This case was transferred before the undersigned after briefing on the current motion had closed. [Doc. #78]

The law regarding cash balance plans has evolved greatly in the fifteen months since Judge Hall's December 22, 2006, rulings. The Second Circuit has not yet answered the question of whether cash balance plans are age discriminatory. Richards is still good law. District courts within the Second Circuit have reached disparate results. Compare In re Citigroup Pension Plan ERISA Litig., 470 F. Supp. 2d 323 (S.D.N.Y. 2006) (finding cash balance plans discriminatory); In re J.P. Morgan Chase Cash Balance Litig., 460 F. Supp. 2d 479, with Hirt v. Equitable Retirement Plan for Employees, Managers & Agents, 441 F. Supp. 2d 516 (S.D.N.Y. 2006) (finding cash balance plans do not violate ERISA); Laurent v. PriceWaterhouseCoopers LLP, 448 F. Supp. 2d 537 (S.D.N.Y. 2006); Bryerton v. Verizon Communs. Inc., 2007 U.S. Dist. LEXIS 29488 (S.D.N.Y. 2007). The only three circuit courts of appeals that have spoken on the issue found that such plans do not discriminate on the basis of age. See Register v. PNC Financial Services Group, Inc., 477 F.3d 56 (3rd Cir. 2007); Cooper v. IBM Personal Pension Plan, 457 F.3d 636 (7th Cir. 2006); Drutis v. Rand McNally & Co., 499 F.3d 608 (6th Cir. 2007).

In the past two months, two other judges in this district have found that cash balance plans do not discriminate on the basis of age. See Custer v. S. New Eng. Tel. Co., 2008 U.S. Dist. LEXIS 5067 (D. Conn. Jan. 24, 2008); Amara v. CIGNA Corp., 2008 U.S. Dist. LEXIS 11378 (D. Conn. Feb. 15, 2008). Of particular interest is Judge Stephen R. Underhill's decision in Custer, as the cash balance plan at issue in that case has been merged into the defendants' plan in this case and may be presently at issue.

It would be inefficient to proceed to the class certification stage in light of the developments in this area of law. Courts must be mindful of efficiency in administering cases. See Fed. R. Civ. P. 1, 23. Moreover, the plaintiffs have not complied with Judge Hall's order. In IPO, the Second Circuit held that "a district judge may not certify a class without making a ruling that each Rule 23 requirement is met and that a lesser standard such as 'some showing' for satisfying each requirement will not suffice." IPO, 471 F.3d at 27. The plaintiffs have failed to provide a sufficient factual basis for this court to determine that the commonality and typicality requirements have been met.

The motion for class certification and appointment of class counsel must therefore and is hereby DENIED without prejudice. This order affords the parties an opportunity to examine the legal feasability of the plaintiffs' claims under now existing case law. See United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006) (courts may reconsider prior findings within the same case when presented with "cogent and compelling reasons such as an intervening change of controlling

3

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). The defendants shall file a renewed motion to dismiss by June 1, 2007, addressing the status of the law as applied to their plan formulae. In particular, the defendants shall focus on the potential effects <u>Custer</u> may have on this case given the relationship between the plans at issue. The parties shall complete briefing on the motion to dismiss in accordance with the Federal Rules of Civil Procedure and the rules of this district.

The current motion is denied without prejudice, and the plaintiffs may re-assert their class certification arguments should their claims survive the motion to dismiss. If and when they renew their motion for class certification, the plaintiffs are reminded that they must comply with the guidelines set forth in <u>IPO</u>. Relying on the complaint, answer, and benefit plans incorporated by reference thereto alone will not suffice.

                              IT IS SO ORDERED.

                              /s/

                              Vanessa L. Bryant

                              United States District Judge

Dated at Hartford, Connecticut: March 27, 2008.